UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MAXIMO REYES,                                               :
                                                            :
               Petitioner,                        :
                                                            :
                                                            :  **MEMORANDUM AND ORDER**
                                                            :  No. 91 Cr. 0358 (LBS)
               v.                                 :
                                                            :
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
               Respondent.                        :
                                                            :
-------------------------------------------------------------x

SAND, J.:

Petitioner Maximo Reyes brings this motion under Fed. R. Civ. P. Rule 60(d)(3) to set aside the judgment of this Court, alleging that the Government perpetrated a fraud on the Court by failing to disclose information concerning his deportation from the Dominican Republic.[1] For the reasons set forth below, Plaintiff's motion is denied.

It is settled law in this Circuit that while a Rule 60 motion may be used to "set aside a habeas denial" in limited circumstances, "it cannot be used to seek habeas relief." *Harris v. United States*, 367 F.3d 74, 80 (2d Cir. 2004). Reyes is not seeking to set aside a denial of habeas relief. Rather, he is asking this Court to determine that a fraud was perpetrated and then to discharge him from custody. Without a prior denial of habeas relief, his requests via Rule 60(d)(3) constitute an impermissible attack on his conviction. *See Tang Xue Dan v. United States*, No. 00-CV-284, slip op., 2007 WL 2141545, at *1 (S.D.N.Y. July 25, 2007); *Mercedes v. Kelly*, No. 99-CV-2473, slip op., 2007 WL 1522613, at *3 (S.D.N.Y. May 23, 2007).

---

[1] Reyes also filed a motion to correct misstated dates in his original motion. The exact dates, whatever they may be, do not control the outcome of this motion.

Although Reyes did not raise the issue, this Court notes that if Reyes had challenged his conviction under 28 U.S.C. § 2255(h), because of newly discovered evidence, his motion would still very likely fail by virtue of two procedural defects.[2] As an initial matter, a successive claim under § 2255 must be filed with the circuit court directly. *See Haouari v. United States*, 510 F.3d 350, 352 (2d Cir. 2007). Moreover, any petition under § 2255 would have to satisfy the applicable one-year statute of limitations. *See* 28 U.S.C. § 2255(f). When Reyes' final criminal judgment was entered on May 8, 1998, the statute of limitations began running. Thus, Reyes' application more than nine years later would likely be dismissed as time-barred.

For the foregoing reasons, Petitioner's motion is denied.

**SO ORDERED.**

Dated: November 10, 2008
New York, NY

_____
**U.S.D.J.**

---

[2] Section 2255(h)(1) permits a successive motion for "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1). The Court does not reach the merits of a § 2255(h) claim because Reyes has not formally raised a challenge under § 2255(h) and because there is no occasion to reach the merits of a claim that is procedurally deficient.