Court Clerk

United States District Court

Southern District of New York

The Daniel Patrick Moynihan United States Courthouse

U.S. Courthouse 500 Pearl Street

New York, NY 10007



Re: Case # 91 Cr. 358-16

<u>REQUEST/MOTION FOR APPOINTMENT OF A LEGAL COUNSEL</u>

United States Vs Maximo Reyes

COMES NOW, MAXIMO REYES, herein after PETITIONER, filling this motion pro se, and without the benefit of a legal counsel, requesting this Honorable Court to appoint me a legal counsel(Public Defender). I need a legal counsel to file an appeal on my behalf for my recent motion for **compassionate release** which was denied by the court. My last attorney Mr Gregory Seraydarian at 227 West Trade Street; Charlotte NC 28202 filed the motion for a compassionate release due to COVID-19 for me, took my case on Pro Bono. He does not want to file the appeal for me. Right now I do not have a legal counsel to file the appeal for my compassionate release and I can not afford a paid legal counsel to help me with the appeal.

I do not have any bank saving account or checking account or retirement savings or any investment. Secondly, I do not have anybody to secure a legal counsel for me. My only source of income is $11.00 to $14.00 monthly wage from Moshannon Valley Correctional Facility for Orderly job in the house unit. My love ones send me about $100.00 a month for commissary and tioletries

Therefore I can not afford to pay a lawyer to represent me.

Very Respectively Submitted this 28th day of September, 2020.

By: *Maximo Reyes 9/28/2020*

Maximo Reyes

#77950-198

MVCF

555 Geo Drive

Philipsburg, PA 16866

The Court is in receipt of Petitioner's request to have counsel appointed to him for his appeal of the denial of his motion for compassionate release. The Court recognizes that there is no right to counsel in connection with a motion for compassionate release. *See generally Coleman* v. *Thompson*, 501 U.S. 722, 755-57 (1991) (discussing extension of criminal defendant's constitutional right to counsel only to the first appeal as of right); *Pennsylvania* v. *Finley*, 481 U.S. 551, 555 (1987) (no right to counsel for collateral attacks on a conviction or sentence); *United States* v. *Myers*, 524 F. App'x 758, 759 (2d Cir. 2013) (summary order) (noting that the Second Circuit "[has] held that a defendant does not have a right to counsel under the Sixth Amendment in a § 3582(c)(2) proceeding because that right 'extends only through the defendant's first appeal'" (citing *United States* v. *Reddick*, 53 F.3d 462, 464 (2d Cir. 1995))). The Court has considered the applicable criteria for the discretionary appointment of counsel, see *Reddick*, 53 F.3d at 465; *Hodge* v. *Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986), and has concluded that appointment of counsel is not appropriate. Accordingly, Petitioner's request is DENIED. The Clerk of Court is directed to terminate the motion at docket entry 355, and to mail a copy of this Order to Petitioner.

Dated:   October 16, 2020          SO ORDERED.
         New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE